UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Rachel Hussey,<br>Plaintiff,<br><br>v.<br><br>Green Thumb Industries,<br>d/b/a Rise Dispensary,<br>Defendant. | C.A. No. 26-cv-273-MRD-PAS |

**MEMORANDUM AND ORDER**

Melissa R. DuBose, United States District Judge.

Rachel Hussey filed the present Complaint in the Rhode Island Superior Court after she was fired from her job as a patient care specialist at Rise Dispensary. The Complaint sets forth five claims arising under Rhode Island state law. In Count I, she asserts a hostile work environment claim in violation of the Rhode Island Fair Employment Practices Act ("RIFEPA"), R.I. Gen. Laws § 28-5-1, *et seq*. Count II sets forth a claim for retaliation based upon her reporting sexual harassment in violation of the RIFEPA. In Count III, she claims she was subjected to disparate treatment based on her gender in violation of the RIFEPA. Count IV alleges retaliatory and pretextual termination in violation of the RIFEPA and RI Public Policy. Finally, Count V asserts that Green Thumb violated the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1, *et seq.*, by discriminating and retaliating against her. The Defendant, Green Thumb Industries d/b/a Rise Dispensary ("Green Thumb") removed the case to this Court on the basis of diversity jurisdiction and

moved to dismiss the Complaint with prejudice as to all claims. ECF No. 6. Ms. Hussey filed an Objection, arguing that her Complaint states plausible claims, but requesting leave to amend if the Court determined that the Complaint was deficient. ECF No. 8. For the following reasons, the Motion to Dismiss is DENIED and Ms. Hussey is afforded the opportunity to file an Amended Complaint.

## I. BACKGROUND

In her Complaint, Ms. Hussey describes three instances that she argues constitute legally actionable conduct by Green Thumb. First, Ms. Hussey alleges that she was "subject[] to sexually inappropriate conduct by a male patient" while employed by Green Thumb. ECF No. 1-1 at 6. She notes that the patient's "conduct included sexual comments, inappropriate personal inquiries, unwanted advances, and behavior that caused [her] to feel unsafe." *Id.* According to Ms. Hussey, Green Thumb was aware of this conduct and despite installing a panic button in the reception area specifically because of this patient, she was not trained to use it. *Id.* She notes that she complained to management at Green Thumb about the patient, but her complaints were minimized and were neither documented nor investigated. *Id.* The patient was permitted continued access to the facility, and his behavior escalated. *Id.* On April 4, 2023, the patient physically assaulted a female employee and a police report was made. Nevertheless, the patient was allowed to continue receiving care from the facility. *Id.*

The second issue raised by Ms. Hussey is her claim that her coworker, Trentyn Veader, treated her "and other female employees poorly" following the end of their

"consensual personal relationship." *Id.* She notes that on May 28, 2023, she "briefly spoke" to Mr. Veader at work, and their conversation was "civil, non-confrontational, and included work related topics." *Id.* at 7. She alleges that Green Thumb later advised her that it "decided to terminate her…based on this interaction." *Id.* at 7.

Her third issue stems from an incident on June 12, 2023, the day she was terminated. That morning, Ms. Hussey went to the workplace several hours prior to her scheduled shift to "serve union-related paperwork." *Id.* at 7. She does not disclose the content of the union paperwork. She notes that she returned later that day to complete her shift but was fired approximately one hour before her five-hour shift was set to end. *Id.*

## II. LEGAL STANDARD

The plaintiff is *pro se* and her Complaint is therefore measured against a more lenient standard of pleading. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*per curiam*); *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) ("[C]ourts hold *pro se* pleadings to less demanding standards than those drafted by lawyers."). *Pro se* status, however, "does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Under Federal Rule of Civil Procedure 12(b)(6), the complaint must state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. In analyzing the Complaint, the Court must

"separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. University of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012). In considering the factual allegations, the Court must then determine if it can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. Count I: Hostile Work Environment Claim under the RIFEPA

To plead a gender-based hostile work environment claim under the RIFEPA, a plaintiff must assert:

> (1) the employee is a member of a protected class; (2) the employee was subjected to unwanted harassment; (3) that harassment was based upon his or her sex; (4) "that the harassment was sufficiently severe and pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment"; (5) that harassment "was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so"; and (6) "that some basis for employer liability has been established."

*DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 22–23 (R.I. 2005) (quoting *O'Rourke v. City of Providence*, 235 F.3d 713, 728 (1st Cir. 2001)).

In her Complaint, Ms. Hussey alleges that she was subjected to a hostile work environment while employed at Green Thumb because she faced "sexually inappropriate conduct" that included "sexual comments, inappropriate personal inquiries, unwanted advances, and behavior that caused Plaintiff and other female employees to feel unsafe in the workplace." ECF No. 1-1 at 6.

Green Thumb argues that the Plaintiff's hostile work environment claim fails under the plausibility standard because the Complaint lacks sufficient factual detail including, for example, when and how often the alleged behaviors occurred, and whether they were directed specifically to the Plaintiff or merely made in her presence. ECF No. 7 at 8. Green Thumb also contends that the Complaint rests on conclusory allegations. *Id.* at 9.

Despite the Defendant's contention that the Complaint lacks sufficient detail, the Plaintiff identifies the nature of the alleged harassment, asserts that it was sex-based, alleges that it affected both her and other female employees' sense of safety in the workplace, and pleads a basis for employer liability. These allegations are sufficient to satisfy the standard set forth in *DeCamp* and to permit the claim to proceed beyond the pleading stage.

**B. Counts II and IV: Retaliation claim under the RIFEPA**

To plead a claim for retaliation under the RIFEPA, a plaintiff must allege that: (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) the adverse employment action was causally connected to the protected activity. *Shoucair v. Brown Univ.*, 917 A.2d 418, 426 (R.I. 2007) (citing *Calero-Cerezo v. United States DOJ*, 355 F.3d 6, 26, (1st Cir. 2004)) (outlining elements and noting that in construing the "thorny allegation of discriminatory retaliation" under the RIFEPA, the state court properly "looked to the federal courts' interpretations of Title VII of the Civil Rights Act of 1964 for guidance"). The Court of Appeals for the First Circuit recently noted that, at the pleading stage, a plaintiff need not allege a

complete prima facie case. *Deangelis v. Hasbro, Inc.*, 165 F.4th 646, 652–53 (1st Cir. 2026). The Court observed that the prima facie elements serve as a "prism to shed light upon the plausibility of the claim." *Id.* (quoting *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013)).

Ms. Hussey's retaliation claim rests on two theories: first, that she was subjected to heightened scrutiny after complaining about her interactions with a patient; and second, that she was terminated after filing union paperwork. Ms. Hussey's retaliation claim based upon notifying Green Thumb about her interactions with the male patient does not state a plausible claim as it is presently pleaded. Ms. Hussey does not allege in her Complaint that her report to the Defendant notified them that she reasonably believed there had been a violation of the RIFEPA. Further, it is unlikely that "increased scrutiny" constitutes an adverse employment action. In her Objection to the Motion to Dismiss she attempts an end-run around this latter issue, arguing that the "termination itself is the adverse action alleged" and that the increased scrutiny was just "escalating retaliation." ECF No. 8 at 4. Nevertheless, her Complaint does not make this point clear, and thus it does not allege a plausible retaliation claim based upon her report to Green Thumb about the male patient.

The Court next considers the plausibility of the retaliation claim based upon Ms. Hussey's filing of the union grievance. Protected activity is generally conduct opposing discrimination prohibited by the relevant statute, *Rivera-Velazquez v. Regan*, 102 F.4th 1, 18 (1st Cir. 2024), and Green Thumb asserts that a union

grievance does not constitute 'protected activity' unless it protests such discrimination, ECF No. 8 at 6. Ms. Hussey's Complaint does not include any detail about the content of her union grievance. As such, she does not provide sufficient details to plausibly allege that the union grievance opposed sex discrimination.

Finally, while her Complaint includes a claim that Green Thumb violated Rhode Island public policy, Ms. Hussey's Objection concedes that there is no basis under state law for a claim that her dismissal violated public policy. ECF No. 8 at 5. Accordingly, the Court considers this claim abandoned.

As discussed, the Court finds that Ms. Hussey has not stated a plausible claim of retaliation. Rather than grant the Motion to Dismiss, the Court affords Ms. Hussey the opportunity to file an amended complaint. If an amended complaint curing the deficiencies as to Counts II and IV outlined above is not filed on or before October 20, 2026, Counts II and IV will be DISMISSED.

**C. Counts III and V: Gender Discrimination claim under the RIFEPA and RICRA**

The RIFEPA and RICRA prohibit discrimination against an employee because of her race, color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin. R.I. Gen. Laws § 28–5–7(1); § 42–112–1. To plead a RIFEPA or RICRA claim for gender-based disparate treatment, a plaintiff must establish the following:

> (1) she is a member of a protected class; (2) she was performing her job at a level that rules out the possibility that she was fired for inadequate job performance; (3) she suffered an adverse job action by her employer;

> and (4) her employer sought a replacement for her with roughly equivalent qualifications.

*DeCamp*, 875 A.2d at 21 (quoting *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 15 (1st Cir. 1994)).

In Count III, Ms. Hussey alleges that throughout her employment with Green Thumb, she was treated differently because she is a woman, but she goes no further than this conjecture. Green Thumb argues that the gender discrimination claim is the "clearest illustration" of the failure of her Complaint. ECF No. 7 at 10. Ms. Hussey fails to provide any information about how she was treated differently than male coworkers and fails to identify any male comparators who were treated more favorably than her. Additionally, she has failed to connect her termination to her gender. This claim is therefore not plausibly pled.

As with her retaliation claim, the Court affords Ms. Hussey the opportunity to amend her Complaint to provide additional facts that could satisfy the plausibility standard required under *Iqbal* and *Twombly*. If she fails to cure the defects identified above within thirty days of the date of this Order, her RICRA and RIFEPA claims based on gender discrimination shall be dismissed.

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss, ECF No. 6 is conditionally DENIED. Ms. Hussey is given leave to amend her Complaint within 30 days, up to and including October 30, 2026.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

September 29, 2026